MATTER OF R—

In VISA PETITION Proceedings

A-11327320

*Decided by Board January 25, 1962*

Visa petition—Section 205(c) of 1952 act—Effect of "sham" marriage on sub-
sequent petition.

1961 amendment to section 205 of the 1952 Act precludes approval of a visa
petition based on present marriage to a United States citizen where bene-
ficiary is shown previously to have been accorded nonquota status through
marriage contracted for the purpose of evading the immigration laws.

BEFORE THE BOARD

**DISCUSSION:** The case comes forward on appeal from the order
of the District Director, Los Angeles District, dated October 30,
1961, denying the petition to classify the status of the alien bene-
ficiary for issuance of an immigrant visa as the spouse of a citizen
of the United States for the reason that the alien beneficiary previ-
ously was accorded a nonquota status under section 101(a) (27) (A)
of the Immigration and Nationality Act as the spouse of a citizen
of the United States on the basis of his marriage which the Attorney
General has determined was entered into for the purpose of evad-
ing the immigration laws; that when these circumstances exist, the
law prohibits the approval of a petition for such alien.

The petitioner, a native of Mexico, naturalized citizen of the
United States, 41 years old, female, seeks nonquota status under
section 101(a) (27) (A) of the Immigration and Nationality Act on
behalf of the beneficiary, her husband, a native of Funchal, Madeira,
citizen of Portugal. The parties were married on January 6, 1960,
at Winter Haven, California.

The record contains a sworn statement from the beneficiary taken
on July 16, 1959, which indicates that he obtained a divorce from
his Portuguese wife in Juarez, Chihuahua, Mexico, on June 1, 1956;
married one S—K—W— in Tijuana, B.C., Mexico, on November 7,
1956; and that this marriage was terminated by a divorce on Febru-
ary 11, 1958, in Tijuana or Juarez, Mexico. As result of investiga-
tion, a warrant of arrest and order to show cause were issued charg-
ing the beneficiary to be deportable under section 241(a) (2) and

544

241(c) of the Immigration and Nationality Act. After due hearing, a warrant of deportation was issued by the District Director, Los Angeles District, on September 25, 1961, finding the beneficiary subject to deportation under the following provisions of law, to wit:

Sections 241(a)(2) and 241(c) of the Immigration and Nationality Act, in that he is in the United States in violation thereof because he is an alien who entered in violation of section 212(a)(19) with an immigrant visa or other documentation which was procured by fraud on the basis of a marriage entered into less than two years prior to such entry, which marriage was judicially annulled or terminated within two years subsequent to any entry.

Section 241(a)(5) of the Immigration and Nationality Act, in that he has been convicted under section 1546 of Title 18 of the United States Code.

The procedure for granting nonquota status or preference status by reason of relationship, including nonquota immigrant status under section 101(a)(27)(A) as the spouse of a United States citizen, is set forth in section 205 of the Immigration and Nationality Act.[1] Section 205(c) of the Immigration and Nationality Act, as amended by section 10 of the Act of September 26, 1961,[2] provides, as follows:

Notwithstanding the provisions of this subsection, no petition shall be approved if the alien previously has been accorded, by reason of marriage determined by the Attorney General to have been entered into for the purpose of evading the immigration laws—(1) a nonquota status under section 101(a)(27)(A) as the spouse of a citizen of the United States * * *.

The legislative history indicates that the amendment was proposed to strengthen existing law by giving the Attorney General a new legal instrumentality to counteract the increasing number of fraudulent acquisitions of nonquota status through sham marriages between aliens and United States citizens. The legislation was prompted by a recent report of the Attorney General to Congress about the increasing number of such sham marriages, indicating the existence of marriage schemers operating in various parts of the country arranging, for high fees, for deceitful marriages involving in most instances alien seamen.[3]

The record establishes that the beneficiary of the instant visa petition filed by his third wife, has previously been granted nonquota status under section 101(a)(27)(A) as the beneficiary of a visa petition filed by his second wife. The Attorney General, through his duly appointed representative, after due hearing, has determined that the alien procured his prior nonquota status as the result of a fraudulent marriage entered into for the purpose of evading the immigration laws. As a result of this determination, the alien beneficiary comes within the prohibition contained in section 205(c) of

[1] 8 U.S. C. 1155.
[2] 8 U.S.C. 1155(c) note (C.A.P.P., 1961).
[3] H. Rept. No. 1086, 87th Cong., 1st Sess., pp. 36, 37.

545

the Immigration and Nationality Act as amended by section 10 of the Act of September 26, 1961 (Public Law 87–301), and is unable to qualify as the beneficiary of a visa petition to again accord him nonquota status in accordance with the procedure set forth in section 205 of the Immigration and Nationality Act. The appeal will be dismissed.

ORDER: It is ordered that the appeal be and the same is hereby dismissed.